## MARTIN v. ARCTIC ICE MACHINE CO. et al.

Circuit Court of Appeals, Fifth Circuit.
November 21, 1928.

No. 5321.

E. F. Cameron and Fred C. Knollenberg, both of El Paso, Tex., for appellant.

Robert L. Holliday and Paul D. Thomas, both of El Paso, Tex. (William Flournoy, of El Paso, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The District Court held that appellees had a lien superior to that of appellant upon the proceeds of sale of certain machinery.

The Krueger Machinery Company entered into a contract with the Arctic Ice Palace to furnish and install certain machinery and equipment to be used as a refrigerating plant in connection with an ice skating rink, for a consideration of $21,700, of which $13,500 was represented by purchase-mon-

ey notes, which were later assigned to appellees. These notes were secured by mortgage and vendor's lien upon the machinery and equipment to be furnished and installed. There were included in the machinery two 40 h. p. motors, which the Krueger Company ordered, but was unable to pay for and deliver, because of financial difficulties which culminated in bankruptcy. The Palace Company settled with the surety on the Krueger Company's bond on account of this breach of contract for $4,000, out of which sum it paid for the two motors, and had them installed in the skating rink. The contract referred to was entered into in April, filed for record in September, and the two motors were delivered in October—all in the year 1926. In December of that year, and after the failure of the Krueger Company, the Palace Company purchased from the Momsen-Dunnegan-Ryan Company four electric pumps called for in the contract with the Krueger Company, and at the same time gave a mortgage to appellant as trustee, to secure not only the purchase price of the pumps, but also claims of several other creditors, upon all the machinery, equipment, and material installed in the skating rink. The Palace Company later became a bankrupt, and in the bankruptcy proceedings the District Court allowed the creditor who furnished the electric pumps a first mortgage lien upon them, but held that the second mortgage to appellant was subject to the first mortgage to the Krueger Company in respect of the two 40 h. p. motors, which were paid for in the manner above stated.

The machinery and equipment having been sold, the liens of the parties as declared by the decree were transferred to the proceeds of the sale.

Appellant contends that the Krueger Company's lien did not attach to the motors which were paid for by the Palace Company out of money received by it in settlement of its claim for breach of contract from the surety on the Krueger Company's bond, and, this being so, that his mortgage, though subsequent in time, became a first lien. Appellees were holders of notes secured by the first mortgage, and were clearly entitled to assert a prior lien over appellant, who claims under a second mortgage, unless it be true that the two motors were not included in the first mortgage by reason of not being delivered more promptly, or unless the fact that they were paid for, not by the Krueger Company, but by the Palace Company, had the legal effect of excluding them from the lien of the first mortgage. The contract between the Krueger and Palace Companies reserved a mortgage and vendor's lien on property which was not then upon the premises, but which it was agreed should be delivered and installed in the future. That contract, although it did not in so many words provide for a lien upon after-acquired property, proceeded upon the theory that such a lien should exist. As between the parties to the contract, the motors, when they were installed, became subject to a first lien under the purchase-money mortgage. This is the general rule, and it is in force in Texas. Richardson v. Washington, 88 Tex. 339, 343, 31 S. W. 614. The property in question was in place, and, under the terms of the contract, a lien, of which there was record notice, had attached to it before appellant acquired any of his rights. It is immaterial that the Krueger Company failed and was unable to make delivery of the two motors, because the Palace Company voluntarily used money received in settlement of the Krueger Company's breach of contract to pay for and install them. As to the motors, the contract was not breached, for the result was the same as it would have been if the Krueger Company or its surety had made the payment.

It is not believed that appellant has any cause of complaint, since he did not, on behalf of any creditor he represents, pay any part of the purchase price of the two motors.

There was nothing in the peculiar facts of this case to take it out of the ordinary rule that a first mortgage has precedence over a second mortgage.

The order appealed from is affirmed.